BARFIELD, J.,
dissenting.
I would affirm the summary judgment. The undisputed evidence shows that the temporary use agreement clearly defined the “public facilities” as Jubilee Restaurant Complex & Boardwalk with an attached schematic outlining the entire boardwalk and no mention of the parking lot. The testimony of Mary Bolman consistently stated that the booths were limited to the boardwalk and added that a motorhome was set up in the parking lot for use of the entertainers. It was never described as a facility for invited guests.
There is no evidence that an altercation began on the boardwalk and “spilled over into SRIA’s parking lot.” The only evidence shows that a telephone was located at the curb adjacent to the parking lot. James Hess had left the boardwalk, descending a ramp to the parking lot. He *881 was at the telephone when plaintiff approached. They had words which continued when they moved farther out into the parking lot. The evidence does not show the boardwalk was implicated in the confrontation.
There is no evidence the SRIA ever relinquished any control over the parking lot or its security. Because increased security was required by SRIA, appellee was obligated to pay the cost of that security. It had no voice in the selection of the security or the control of the “public facilities” not described in the temporary use agreement.